## ATTACHMENT—CORPORATIONS.

[Meigs Circuit Court, 1889.]

† CLARA P. DABNEY v. PAPPENHEIMER Co.

STOCKHOLDER'S LIABILITY UPON CONTRACT—ATTACHMENT.

An attachment will lie against a non-resident in an action upon his statutory liability as a stockholder in an Ohio corporation.

*BRADBURY, J. (Memorandum of Opinion.)

This was an action instituted in the common pleas of Meigs county, Ohio, by the Pappenheimer Company, an Ohio corporation, against the Pomeroy Coal Company, another Ohio corporation, located in Meigs county, and a number of defendants who are alleged to be stockholders of the Pomeroy Coal Company, among them the plaintiff in error, Clara P. Dabney. The petition sets forth that plaintiff, the Pappenheimer Hardware Company, recovered a judgment against the Pomeroy Coal Company; that the execution issued on such judgment was returned "*nulla bona*," avers that such coal company has no property subject to execution, and that it then was and ever since has been insolvent; that there are a number of other creditors of the said coal company enumerating them, whose claims aginst the said company amount to about $250,000.00. It then avers that the following persons are the stockholders of the said coal company, etc., among them the defendant Clara P. Dabney who is alleged to be the holder of 625 shares at $100 a share of the said corporation. The petition then proceeds to aver that by reason of the premises all of the stockholders for the Pomeroy Coal Company, defendants in this action, are liable to the plaintiff on behalf of himself and the other creditors of the said coal company in a sum equal to the amount of the said stock owned by them, with interest, etc.; wherefore plaintiff prays that a master be appointed to ascertain who are stockholders of the said corporation, liable to its creditors, the amount of stock held by each, the transfers of stock made, and who, if any, are insolvent, etc., and report to the court, and that plaintiff and all other creditors of the coal company recover a judgment against each of said stockholders for the amount of his or her respective liability thereon to the said plaintiff and all the other creditors of said coal company, and for all other relief, etc.

Plaintiff, by its attorney, W. H. Lasley, then filed the following affidavit for attachment:

---

† Dismissed by Supreme Court for failure to file printed record, December 10, 1889; motion to reinstate denied February 25, 1890. For similar holding by Pugsley, J., see Northern Natl. Bank v. Rolling Mill Co., 2 Dec., 67; also Cleveland Gas Co. v. Collins, 10 Circ. Dec., 175, *contra;* Cleveland Gas & El. Fix. Co. v. Light and Power Co., 8 Dec., 134.

*Subsequently one of the judges and a chief justice of the Supreme Court.

"William H. Lasley, the attorney of the said plaintiff in this action, makes oath and says that the said plaintiff, the Pappenheimer Hardware Company, on behalf of itself and all the other creditors of the Pomeroy Coal Company, has commenced a civil action in this court, against the Pomeroy Coal Company, Valentine B. Horton, Edwin J. Horton, Clara P. Dabney, Samuel W. Dabney, Roxanna L. Dabney, Sarah H. Dabney, Susan H. O. Dabney, Mary O. A. Dabney, Frank Dabney and Frances D. Oliver, et al. That said action is for the recovery of moneys upon claim arising upon contract. That said claim is just. That the amount which this affiant believes the said plaintiff on behalf of himself and all the other creditors of the Pomeroy Coal Company, aforesaid, ought to recover in this action against the said defendants, Clara P. Dabney, Samuel W. Dabney, Roxanna L. Dabney, Sarah H. Dabney, Samuel H. O. Dabney, Mary O. A. Dabney and Frances D. Oliver jointly in the sum of $62,400.00 with interest thereon, from the 22d day of July, A. D., 1887.

"That the said defendants Clara P. Dabney, Samuel W. Dabney, Roxanna L. Dabney, Susan H. O. Dabney, Mary O. A. Dabney and Frances D. Oliver are, each and all, now residents of the state of Ohio; that the Pomeroy Coal Company, Valentine B. Horton and E. J. Horton, other defendants in this action, are each and all insolvent.

"That affiant has good reason to believe, and does believe, that A. D. Brown, a resident of Meigs county, Ohio, has property of the said non-resident defendant in his possession, consisting of money in his hands and debts due them from the said A. D. Brown, amounting to a large sum.

"That all the foregoing statements are true and this affidavit is made for the purpose of procuring an order of attachment against the said non-resident defendants and garnisheeing the said A. D. Brown, and further affiant saith not.

"W. H. LASLEY.

"Signed in my presence by W. H. Lasley and sworn to by him before me this 3d day of November, A. D. 1887.

"W. A. RACE, Clerk."

Attachment and garnishment was issued and duly executed, whereupon defendant Clara P. Dabney filed a motion to dismiss the attachment on the following grounds:

First—Because the said affidavit is untrue.

Second—Because no sufficient affidavit was made and filed for issuing the same.

Third—Because the said affidavit is not sufficient for the same, for other reasons.

This motion was heard and overruled, to which defendant excepted. Motion for new trial was then filed and overruled, to which ruling again the defendant excepted, and judgment was rendered against defendant Dabney, by Sibley, J., of the common pleas, now one of the judges of the circuit court of the fourth circuit.

The case was taken to the circuit court on error, the errors assigned being (1) that the court erred in refusing to discharge the attachment, issued in the court below, and (2) that the court erred in refusing to discharge the attachment. The circuit court affirmed the judgment of the

common pleas at the October term, 1888, Judge Bradbury delivering **the** opinion orally.

To a letter of inquiry by Ernst Rehm, Esq., of the Cincinnati **Bar,** Judge Bradbury sent the following reply:

"Dear Sir :—In reply to yours of the 11th inst., I will say that the circuit court here held that an attachment would lie against a non-resident on his liability under the statute as a stockholder in an Ohio corporation. The case was not carried further.*   I know personally of the decision for: I was a member of the court and delivered the opinion.

"Yours truly,

"J. P. BRADBURY."

---

## WILLS—EXECUTOR'S SALE.

[Hamilton Circuit Court, January Term, 1900.]

Smith, Swing, and Giffen, JJ.

---

* It appears, however, that the case went to the Supreme Court, **and was dis** posed of as previously stated.